1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
2  McCOY LAW FIRM, P.C.
   251 Post Street, Suite 301
3  San Francisco, CA. 94108
   Telephone: (415) 675-7705
4  E-mail: mail@mccoyslaw.com

5  Attorney for Plaintiffs,
6  RAYCHELLE FIELDS,
   BEN NAKAMURA,
7  and YVONNE WRIGHT

8               UNITED STATES DISTRICT COURT
9               EASTERN DISTRICT OF CALIFORNIA

10 RAYCHELLE FIELDS, an individual; BEN          Case No.
11 NAKAMURA, an individual; and YVONNE
   WRIGHT, an individual,                        **COMPLAINT FOR DAMAGES:**
12
13                    Plaintiffs,                 **1. VIOLATION OF PLAINTIFFS'**
                                                     **SUBSTANTIVE DUE**
14        v.                                         **PROCESS RIGHTS**
                                                     **PURSUANT TO 42 U.S.C. §**
15 STOCKTON UNIFIED SCHOOL DISTRICT;               **1983**
   BRIAN BIEDERMANN, in his individual
16 capacity; JOHN RAMIREZ JR., in his            **2. VIOLATION OF PLAINTIFFS'**
   individual capacity; CECILIA MENDEZ, in          **RIGHTS PURSUANT TO 42**
17 her individual capacity; MARIA MENDEZ, in        **U.S.C. § 1981**
   her individual capacity; ALICIA RICO, in her
18 individual capacity; RAY C. ZULUETA, JR.,     **3. CIVIL CONSPIRACY IN**
   in his individual capacity; SCOT MCBRIAN,        **VIOLATION OF CIVIL**
19 in his individual capacity; ZACHARY              **RIGHTS ACT, 42 U.S.C. § 1985**
20 AVELAR, in his individual capacity; and
   DOES 1-10, inclusive,                         **4. CIVIL CONSPIRACY IN**
21                                                   **VIOLATION OF CIVIL**
                      Defendants.                    **RIGHTS ACT, 42 U.S.C. § 1986**
22
23                                               **5. RACE DISCRIMINATION IN**
                                                    **VIOLATION OF CAL. GOV.**
24                                                  **CODE § 12900** *et seq.*
25
26                                               **6. RETALIATION IN**
                                                    **VIOLATION OF CAL. GOV.**
27                                                  **CODE § 12900** *et seq.*
28
                                                 **JURY TRIAL DEMANDED**

                              1
                   COMPLAINT FOR DAMAGES

Plaintiffs Raychelle Fields, Ben Nakamura, and Yvonne Wright, complain of Defendants Stockton Unified School District's (hereinafter "SUSD", "Stockton Unified", or "the district"), Brian Biedermann's, John Ramirez Jr.'s, Cecilia Mendez', Maria Mendez', Alicia Rico's, Ray C. Zulueta, Jr.,'s Scot McBrian's, Zachary Avelar's, and DOES 1-10, inclusive's (collectively as "Defendants") illegal actions to destroy the affirmative actions taken by former SUSD Superintendent Dr. John Deasy between 2018 and 2020 to correct SUSD's long history of invidious discrimination against African American and Asian American administrators. Plaintiffs were informed that their positions were being eliminated due to a reduction in force. However, Plaintiffs positions were not eliminated, and were given to handpicked administrators by the Board of Trustees. Plaintiffs were eventually demoted to positions with significantly less pay.  Specifically, Plaintiffs allege that their demotions were based on their race and/or in retaliation for Plaintiffs' opposing discrimination against African Americans at SUSD. Plaintiffs further allege that Board of Trustees continues to violate their rights by failing to restore them to their Administrator positions even after SUSD reported a  budget surplus in 2021, and additional positions became available.

## JURISDICION AND VENUE

1.      Jurisdiction is appropriate in the Eastern District of California pursuant to 28 U.S.C. § 1331.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343, this being an action brought under 29 U.S.C. § 791.

3.      Venue is proper in this Court under 28 U.S.C. §1391(b), and §1391(b)(2) because Defendants reside in, and/or all incidents, events, or occurrences giving rise to this action occurred in, the County of San Joaquin in the State of California.

COMPLAINT FOR DAMAGES

## THE PARTIES

4.      Plaintiff Raychelle Fields is an African American woman residing in Stockton, CA who is employed by Defendant Stockton Unified School District as a first-grade teacher at Hamilton Elementary.

5.      Plaintiff Ben Nakamura is an Asian American man residing in Stockton, California who is currently employed by Aspire Public Schools as a Program Manager.

6.      Plaintiff Yvonne Wright is an African American woman residing in Elk Grove, CA who is employed by Alameda Unified School District as the Director of Elementary.

7.      Defendant Stockton Unified School District is a public school district located in Stockton, CA. Stockton Unified is governed by a seven-person board of trustees, each elected by voters in seven districts throughout the city.

8.      Defendant Brian Biedermann is currently a Director with Stockton Unified School District, and served as Superintendent between June 2020 and January 2021.

9.      Defendant John Ramirez, Jr. is the Secretary and Superintendent of Stockton Unified School District, and has been the official Superintendent since February 2021.

10.      Defendant Cecilia Mendez is the President of the Stockton Unified School District Board of Education, and has been a member of the Board since 2016.

11.      Defendant Maria Mendez is the Vice President of the Stockton Unified School District Board of Education, and has been a member of the Board since 2014.

12.      Defendant Alicia Rico is a member of the Stockton Unified School District Board of Education, and has been a member of the Board since 2020.

3

COMPLAINT FOR DAMAGES

13.    Defendant Ray C. Zulueta Jr. is a member and the Clerk for the Stockton Unified School District Board of Education, and has been a member of the Board since 2020.

14.    Defendant Scot McBrian is a member of the Stockton Unified School District Board of Education, and has been a member of the Board since 2018.

15.    Defendant Zachary Avelar is a member of the Stockton Unified School District Board of Education, and has been a member of the Bard since July 20, 2021.

16.    DOEs 1-10 are fictitious names being used to sue any unidentified persons who may be in some manner responsible for the unlawful acts, omissions, events, occurrences, and happenings alleged herein, and who are the proximate cause of the Plaintiff's injuries.

## **FACTUAL BACKGROUND**

17.    The Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 16 above.

18.    Dr. John Deasy was hired as Superintendent of SUSD in 2018.  Over the next two years he took steps to correct SUSD's long history of invidious discrimination against African American and Asian American administrators.

19.    Plaintiffs are victims of the Board of Trustee's illegal campaign to get rid of African American and Asian American Administrators, faculty, and staff who were perceived as complaining about racial discrimination in the district.

20.    The Board of Trustees and the Superintendents were aggressive in terminating the African American and Asian American principals hired under Dr. Deasy's administration after Dr. Deasy stepped down as Superintendent.

COMPLAINT FOR DAMAGES

21.     In 2020-2021, a Grand Jury opened an investigation into SUSD's Board of Trustees' unethical and illegal actions after receiving numerous complaints concerning the dysfunction of the Stockton Unified School District Board of Trustees. Additionally, there were media accounts describing conflicts within the district, especially among board members, which prompted the investigation.

22.     The Grand Jury noted "that numerous media reports and complaints reviewed by the Grand Jury described the combative behavior among the board of trustees in the past few years." The Grand jury also stated, "the frequent turnover of superintendents made it easier for board members to act inappropriately and at times to exceed the limits of their authority. Thus, it becomes a vicious cycle."

23.     The Grand Jury further recommended that by "November 1, 2021, the Stockton Unified School District Board of Trustees complete additional intensive governance training, facilitated by a qualified external body such as the California School Board Association."

**RAYCHELLE FIELDS**

24.     In 2016, Plaintiff Raychelle Fields began working for Defendant SUSD as an Assistant Principal for Rio Calaveras Elementary School.

25.     Under the tenure of Dr. Deasy, Plaintiff was promoted to the Principal at Kennedy Elementary school.  Plaintiff served in this position from July 2018 through June 2020.

26.     After Dr. Deasy stepped down as Superintendent, Plaintiff was involuntarily transferred to serve as the Principal at Marshall Community Day School for the 2020-2021 school year.

27.     Marshall Day School was an alternative school for children with disciplinary issues.

COMPLAINT FOR DAMAGES

28.     On January 11, 2021, while Plaintiff was the Principal for Marshall Community Day school, Plaintiff contacted Interim Superintendent, Brian Biedermann, to find out the future plans for Marshall Community Day School as attendance was low.

29.     Mr. Biedermann responded that there were no plans for the reduction or closure of Marshall Community Day School, because as an alternative school it was funded differently and would not be affected by any future budget cuts.

30.     On January 21, 2021, Plaintiff had another meeting with Mr. Biedermann.  During this meeting, Plaintiff was informed that the Stockton Unified School Board of Trustees decided to close Marshall Community Day School due to budget issues, and that she would receive a layoff notice prior to March 15, 2021.

31.     Plaintiff was surprised by the news that she would be laid off rather than be transferred to another school within SUSD, as her seniority date was July 1, 2016, which was higher than other Administrators at SUSD who were not laid off.

32.     Mr. Biedermann resigned from his Superintendent position a few days after the meeting.

33.     After reviewing the Unified Stockton Administrators contract, Plaintiff requested a meeting with Acting Superintendent, Defendant John Ramirez, Jr., and submitted a letter prior to March 15, 2021, requesting a transfer and/or reassignment pursuant to the Union contract.

34.     During Plaintiff's meeting with Defendant Ramirez, he informed Plaintiff that she would have to reapply for several Administrator openings with SUSD rather than be transferred to another Administrator position.

35.     It was Plaintiff's understanding that she did not have to apply for Administrator openings, given that she held an Administrator position at the time. Nevertheless, Plaintiff applied for all

COMPLAINT FOR DAMAGES

open Principal positions with SUSD at the time. After two weeks of not hearing back, Plaintiff applied for all open Assistant Principal positions.

36.     On May 18, 2021, Plaintiff interviewed for an Assistant Principal position at Pulliam Elementary. The next day, Plaintiff received a call from Human Resources Department team lead, Leticia Burrise, and was offered the position of Assistant Principal at Pulliam Elementary. Plaintiff accepted the position, but also told Ms. Burrise that she was waiting for an interview for the open Principal positions she applied for. Ms. Burrise told Plaintiff that she was going to start scheduling Principal interviews the following week and she told Plaintiff that she would call her. Plaintiff never received a call.

37.     At this time, it became clear to Plaintiff that she was being blackballed from being considered for a Principal position for two primary reasons: (1) she is African American and; (2) because she was perceived as opposing discrimination in the district as a result of her parents', Mr. Bobby Bevins and Lajuana Bevins, efforts on behalf of the NAACP to end invidious discrimination at SUSD.

38.     On May 26, 2021, Plaintiff received phone call from Interim Director of Human Resources, Nancy Lane, who informed Plaintiff that the Stockton Unified School District Board denied hiring her for the Assistant Principal position she accepted. Plaintiff asked what the reasoning was behind the decision, and she was told by Ms. Lane that the reason was discussed during a closed session during a May 25, 2021 Board meeting.

39.     Plaintiff was also informed that she was going to be reassigned as a teacher instead of an Administrator, and wanted to ask Defendant Ramirez the reasoning behind that decision.

7

COMPLAINT FOR DAMAGES

40.     On May 27, 2021, Plaintiff requested a meeting with Defendant Ramirez to get more information on why she was denied the Assistant Principal position.  Defendant Ramirez declined to meet with Plaintiff and told her that administrative appointments are discretionary. The Assistant Principal position at Pulliam Elementary remained vacant from August 2021 through December 2021. The Principal at Pulliam Elementary requested on numerous occasions to have Plaintiff be reconsidered for the position. However, the Board has declined the requests and has withdrawn Plaintiff's application from all open Administrator positions.

41.     Defendants are informed that Plaintiff's family members hold prominent positions with the National Association of the Advancement of Colored People (hereinafter "NAACP") at the state and national level. Defendants have had run-ins with the local NAACP, as the NAACP has been vocal about Defendants continued disparate treatment of African American employees. As a result, Plaintiff has been retaliated against by being demoted and being denied Administrator opportunities despite her previous experience and qualifications.

42.     Plaintiff has also received disparate treatment due to her race and because she was perceived as having opposed discrimination in the workplace by Defendants, as Defendants have hired several non-African Africans who are less qualified into their open Administrator positions. Further, Plaintiff was wrongfully demoted to a teacher as she has only held an Administrator position with SUSD. Other non-African American counterparts at SUSD have not had issues going from one Administrator position to another.

**BEN NAKAMURA**

43.     Mr. Nakamura was hired in July 2021, as the Principal of Amos Alonzo Stagg High School (hereinafter "Stagg").

8

COMPLAINT FOR DAMAGES

44.     Soon after arriving at Stagg, Mr. Nakamura perceived hostility to Dr. Deazy's plan to combat racial discrimination at SUSD.   He also witnessed what he believed to be racial harassment and discrimination in the workplace.  Mr. Nakamura is informed and believes that the district has had a history with discrimination against minority groups, and against African American students and staff in particular.

45.     For example, on or about September 3, 2020, Kathryn Byers, an Assistant Principal at Stagg, asked another Assistant Principal, Leonard Jones, who is an African American man, during the weekly Stagg administration meeting, "why don't Black students value education? And then, when one Black student actually tries to do well in school every other Black person tries to pull them down."

46.     In December 2020, Mr. Jones filed a complaint of racial discrimination, alleging that he had been subjected to a hostile work environment based on his race due to the conduct of Ms. Byers.  Specifically, Jones complained that Ms. Byers repeatedly targeted Black employees on campus for unfair scrutiny and discipline.

47.     On or about January 4, 2021, Mr. Nakamura provided the Director of Human Resources, Nancy Lane, with a list of twelve individuals who had been targeted by Ms. Byers, nine of whom were Black.  These employees all complained that Ms. Beyers was targeting them for unfair scrutiny and discipline because of their race.

48.     On or about March 4, 2021, Mr. Nakamura and Mr. Jones were both interviewed regarding Mr. Jones' complaint of discrimination by an attorney conducting an investigation on behalf of Stockton Unified. During this interview, Mr. Nakamura shared instances of discrimination that he witnessed while at the district.

COMPLAINT FOR DAMAGES

49.     On or about March 5, 20201, Mr. Nakamura received a phone call from the Interim Assistant Superintendent John Ramirez Jr., informing him that he would be released at the end of the school year because he was not "a good fit." Mr. Jones, the only other individual interviewed regarding Mr. Jones' complaint, was similarly terminated.  This directive contradicted the information provided to Mr. Nakamura via email confirming that he was the right fit for Stagg.

50.     Mr. Nakamura's termination was protested against by members of the community, including students and staff at Stagg.

51.     The principal position at Stagg was posted on edjoin.org, Mr. Nakamura saw that his current position had been posted, and applied for it on or about May 7, 2021.

52.     On or about May 19, 2021, Mr. Nakamura was interviewed for the position. The panel makeup for Mr. Nakamura's interview on this date was different than the panel makeup of the panel which initially hired Mr. Nakamura, which he found strange. Nonetheless, Mr. Nakamura went through with the interview, and was put through to the next round by the panel.

53.     On or about May 20, 2021, Mr. Nakamura went through the second-round of interviews for the principal position at Stagg.

54.      The Board of Trustees eventually voted 3-4 against hiring Mr. Nakamura as the Principal of Stagg for the 2021-2022 school year. Mr. Nakamura was later informed by Leonard Jones that the individual hired as Principal of Stagg for the 2021-2022 school year had expressed that he thought Stockton Unified should have hired Mr. Nakamura for the position, as he was the better and more experienced candidate.

COMPLAINT FOR DAMAGES

55.     On or about May 28, 2021, Mr. Nakamura gave a graduation speech at the Stagg

graduation ceremony. Mr. Nakamura had previously given a graduation speech during the 2020

Stagg graduation ceremony.

56.     During his speech, Mr. Nakamura stated to the students of Stagg:

> Beloved Amos Alonzo Stagg High School family. For our graduating seniors, we
> are here for one, singular purpose: To celebrate this moment with you. The
> moment when you cross this stage, receive your diplomas, and are recognized as
> high school graduates. You represent Stockton. 209. Stagg Pride inside, all day,
> every day. You represent the Delta Kings and Queens. You're royalty. Remember
> that.

> Since many of us did not have an opportunity to meet in person, and I was only
> here with you one short year during this global pandemic, I'm just gonna go in
> right now, if I have your permission, seniors. I'm going to speak to you from the
> heart, is that alright with you? Alright.

> I'm not even gonna get close to talking to you as a principal right now. I'm going
> to speak from my heart, as a truth teller and a freedom fighter. I'm going to tell
> you why I came here, why I moved up from Southern California, having been
> very successful as a high school principal, recognized as state principal of the
> year, why would I come up here, to Stockton? I'm not tryna brag. Why did I
> leave? Why?

> I came here after I saw a giant brawl outside of our school last year on the news.
> I'm not gonna lie, I came here because I'd seen students, whose background I
> might be able to identify with, that might need some guidance.

> Not that you're bad in any way, but you needed a mentor, a leader. Someone in
> this position of influence that would see you and not judge you, but love, teach,
> serve, and uplift you. Be in that struggle with you, and say that we got this.
> There's a way out. It might be hard, the cards might be stacked against, the odds
> might not be in your favor. People in power might not have any respect for you,
> but we got this. We can rise. We can overcome. Since we get our education, not
> simply to serve ourselves, but to leave a legacy.

> My goal is not simply to have a title before my name, make a bunch of money,
> get a lot of power. Nah, anybody can do that: a sellout, a snitch, a wannabe can do

that. That's what this whole system is designed, to try and make you successful, at the cost of selling out your family, selling out your community, and even yourself. It's not about success. It's about significance. Successful people will do whatever it takes to stomp on top of others and pull them down to climb their way to the top. Where I come from, those people don't deserve any respect.

But significant people, significance, not success, that's few and far between. And that's what I call you to today. Be significant. Give back to your community. Really represent your family, that struggle, that grind. The disrespect and racism that you and your people have always faced because of the color of your skin, because your parents might not be documented, because you come from a certain kind of neighborhood, in an apartment complex, from a certain kind of area. Stockton, that's right. We represent.

And the way that we represent is by giving back. Coming back. Fight for this community, fight for your people, fight for justice and against injustice, no matter the cost. Go down in history as a real one, not a sellout. Leave a legacy for those who paved the way for you, for your ancestors, for those whose lands were stolen from them, who were forced against their will to come here in boats, chains, treated like animals, enslaved. For your own families that fled wars, their own homelands. Those who work in the fields, who hustle hard, working at the flea market, the pulga, wherever. Your families who got to work at Jack in the Box and grocery stores. That's what you're called to do.

That's why I came here. Now, I only lasted one year, while I was kicked out for one reason: That I truly love you and this community. I was kicked out. The board of trustees, this past Tuesday, voted three to four to remove me as your principal and not listen to the community, nor to the students, nor the families, nor the staff of Stagg High School.

But guess what? Stagg has changed. The staff is inspired. We bring hope and vision of what we can become. You're that class, class of 2021. I came here to serve you, to love you, to be in the mix and the grind with you willing to die, do home visits. I've seen people, to be honest, I was doing a home visit down on Countryside and I saw a gentleman pulling a gun right there, put it right in his pocket right there. I'm like, "shoot, should I do this home visit?" Of course, because I love you.

But when you come from the mud, you know what I'm saying, when your mom overdosed from heroin, when your dad's got multiple felonies on his record, when you've been beaten as a teenager, abused physically, and in other ways, there's nothing you can't overcome.

COMPLAINT FOR DAMAGES

Dedicate your life to your family. Some of you may have already lost parents and family. Everything I do, I do for my mom. That gives me strength. She died, like I said, of that overdose when I was 12. She's not here to see, but she gives me a level of love and empathy and courage that others here, right now I'm gonna do this, I'm going to preach to you. No show, no funny, I just wanna show you where I come from and the power that I draw from, because I know that you have that inside of you.

Mom, I love you. I always tell you that every day. I dedicate this work and service to you. I know you weren't here to see me become the man that I am, but I promise that I will continue to serve and uplift others who struggle like me.

Delta Kings and Queens, you feel that? You feel that energy and spirit? That's the fire. That fire comes from within. You got that strength, you got that fire. Tap into it. Use every struggle as more fuel for that fire inside of you. That's the fire that you got, so graduating seniors, be bold. Be strong. Take these lessons. Get every degree you can get. Work hard. Be disciplined. Wake up early. Read some books. Go on runs. Eat healthy. Get every degree you possibly can. Start speaking to the youth. Talk to your little brothers and sisters. Talk to your cousins, your nieces and nephews. Tell them focus on school. Tutor them, you know what I'm talking about?

Serve. Serve and lead by example. Don't be a wimp. Don't be a buster. Don't be a sellout. Be strong young men and women of courage and valor. Rep for your neighborhood, where you come from. There's a bigger world out there. Dream big. Dream big. I'm honored to say I'm graduating with you today. If I could come back, I would do it the exact same way. For one year, one opportunity to serve you and to show you how much you are loved. And why are you loved so much? Because you're valuable. You've got value that people don't understand.

We paved the way for the future Delta royalty and we showed them that we can overcome anything. We set the bar. We are the bar. This graduating class, you cross the finish line in 2021 during a global pandemic, you're a historic class. Remember that. Go forward and represent with significance. Delta Kings and Queens, Stagg pride inside, all day, every day, I love you.

57.     Mr. Nakamura was then approached by the previous Interim Superintendent, Brian Biedermann, who was with a District police officer. He was told that they had been directed to take his keys and escort him off the premises.

COMPLAINT FOR DAMAGES

58.     Later that day, Mr. Nakamura was provided with a Notice of Placement on Paid Administrative Leave by the police at his residence. This experience was extremely embarrassing to Mr. Nakamura and has caused him great emotional distress.

59.     Mr. Nakamura later received a letter of reprimand dated June 9, 2021, alleging that he had engaged in insubordination and unprofessional conduct for giving a graduation speech at the Stagg graduation ceremony.

60.     The following school year, SUSD placed Mr. Nakamura on a special assignment, with no job description, no site to report to, and no hours listed.

61.     Mr. Nakamura is currently serving as a Program Manager with Aspire Public Schools. Mr. Nakamura in his current position is making approximately sixty-seven thousand dollars less per year than he was while he was serving as the Principal of Stagg.

**YVONNE WRIGHT**

62.     Ms. Wright was recruited by Assistant Superintendent Educational Services Sonjhia Lowery at the behest of Dr. Deazy.

63.     Ms. Lowery encouraged Ms. Wright to apply for a position as Director of Educational Services for the District in May 2019.

64.     As Director of Educational Services, Ms. Wright would be responsible for organizing, supervising and directing the district's school sites and programs.

65.     Ms. Wright was the first ever African American person to be hired in the position of Director of Educational Services.

66.     At the time that SUSD was actively recruiting Ms. Wright, she was working for the Elk Grove Unified School District, where she had served as a principal for four years and was currently serving as the PK-6 Director.

67.     After she was approached by Sonjhia Lowery, Ms. Wright researched the Superintendent of Stockton Unified School District, John Deasy, and his ninety-day plan for transforming the state of education within the district.

68.     The ninety-day plan consisted of a Theory of Action, a Theory of Change, a Theory of Instruction, and an Equity Agenda, all of which would serve to improve public confidence in the school district and to correct past mistakes of the Board of Trustees.

69.     Ms. Wright was impressed by the vision and mission that Dr. Deasy had for the district and believed in the work that he and Ms. Lowery were undertaking to enrich the lives of students there.  Ms. Wright as a result decided to apply for the position of Director of Educational Services, and was offered the position.

70.     Ms. Wright began working as the Director of Educational Services for Stockton Unified in July 2019.

71.     That fall, the Superintendent began receiving pushback regarding the number of African American administrators he had hired.  Ms. Wright was one of these African American administrators. Negative comments about administrators, who were predominantly African American, were also made at board meetings for the district, and their competency was questioned.

72.     In May 2020 the Superintendent of SUSD was pressured to resign.

COMPLAINT FOR DAMAGES

73.    As stated soon thereafter, many African American administrators were either demoted or had their positions eliminated.

74.    On or about October 2020, the Interim Superintendent for the district began to announce impending layoffs, which they stated were necessary due to a budget deficit within the district. These layoffs were for the 2021-2022 school year.

75.    On or about March 11, 2021, Ms. Wright was given a layoff notice, and advised that she could request a hearing.

76.    Ms. Wright requested a hearing, but her request was not acknowledged, and she was never provided with a hearing.

77.    On or about May or June 2021, Ms. Wright questioned the Director of Human Resources regarding the failure of the district to provide her with a hearing.

78.    Ms. Wright in response was falsely told by the Director of Human Resources that she never requested a hearing.

79.    Ms. Wright explained that she had in fact requested a hearing, and was told by the Director of Human Resources that they may not have acknowledged her request because they potentially left her paperwork at home or otherwise misplaced her paperwork.

80.    Ms. Wright during this exchange showed an electronic copy of her request to the Director of Human Resources, which she had provided by email to the district by the deadline. Ms. Wright was still was not provided with a hearing despite this proof of her timely request.

81.    A hearing would have provided Ms. Wright with the opportunity to question whether she should have been considered for newly posted Director positions instead of automatic

16

COMPLAINT FOR DAMAGES

termination when the district eliminated her position. Such a hearing would have been before a neutral judge.

82.     On or about late May or early June 2021, the district's board approved a description for new Director positions that was essentially identical to the description of Ms. Wright's eliminated Director position.

83.     On or about June 2021, one of these new Director positions was posted, and in July 2021 a white male was given the position. This individual had previously served as an Interim Director during the 2020-2021 school year. Ms. Wright, as stated above, had served as a director in her two most recent positions, both for Stockton Unified and for the Elk Grove Unified School District.

84.     Ms. Wright is informed and believes that the NAACP made a public records request to try to ascertain how many African American people were employed by the district before the layoffs, and how many were impacted by them.

85.     Ms. Wright is further informed and believes they have still not received a response. Similarly, a congressperson wrote a letter to the Board of Trustees of the district questioning their use of funds and the impact of the layoffs on African American leadership within the district. Ms. Wright is informed and believes this letter too did not receive a response.

86.     Ms. Wright is further informed and believes that the district did eventually reinstate sixty of the positions eliminated following the October 2020 announcement in May 2021, filling them with Caucasian and Latinx employees.

**FIRST CAUSE OF ACTION**
(Against Individually Named Defendants)
Violation of 42 U.S.C. § 1983

87.     Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 86 above.

88.     Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983.

89.     Defendants demoted Plaintiffs based on their race and in retaliation for their opposition to discrimination in the workplace. Defendants took such actions in violation of Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

90.     The Board of Trustees continues to violate Plaintiffs' constitutionally protected rights under the Equal Protection Clause of the U.S. Constitution in violation of 42 U.S.C. § 1983 by failing to restore them to their Administrator positions even after SUSD reported a budget surplus in 2021 and additional positions became available.

91.     Each of the Defendants had a direct and personal involvement in the constitutional deprivations at issue.

92.     Defendants were acting under the color of state law when they violated Plaintiffs' rights secured by the Constitution.

**SECOND CAUSE OF ACTION**
(Against Defendant Stockton Unified School District)
Violation of 42 U.S.C. § 1981

93.     Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 92 above.

94.     Section 1981 is designed to include a federal remedy against discrimination in employment on the basis of race.

18

COMPLAINT FOR DAMAGES

95.     SUSD employees demoted Plaintiffs based on their race and in retaliation for their opposition to discrimination in the workplace.

96.     SUSD continues discriminate and retaliate against Plaintiffs by failing to restore them to their Administrator positions even after SUSD reported a budget surplus in 2021 and additional positions became available.

97.     Plaintiffs are seeking an award of back pay and compensatory seniority under 42 U.S.C. § 1981.

**THIRD CAUSE OF ACTION**
(Against Individually Named Defendants)
Violation of 42 U.S.C. § 1985

98.     Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 97 above.

99.     42 U.S.C. § 1985 provides, in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

100.    The individually named Defendants conspired to deprive the Plaintiffs of the equal enjoyment of rights secured by the law to all, in violation of 42 U.S.C. § 1985.

101.    Specifically, Defendants conspired to demote Plaintiffs based on their race and in retaliation for their opposition to discrimination in the workplace. Defendants took such actions

COMPLAINT FOR DAMAGES

in violation of Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

102.     The Board of Trustees continues to conspire to violate Plaintiffs' constitutionally protected rights under the Equal Protection Clause of the U.S. Constitution in violation of 42 U.S.C. § 1985, by failing to restore them to their Administrator positions even after SUSD reported a budget surplus in 2021 and additional positions became available.

103.     Each of the individually named Defendants had a direct and personal involvement in the constitutional deprivations at issue.

104.     The individually named Defendants were acting under the color of state law when they conspired to violate Plaintiffs' rights secured by the Constitution.

**FIFTH CAUSE OF ACTION**
(Against Individually Named Defendants)
Violation of 42 U.S.C. § 1986

105.     Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 104 above.

106.     42 U.S.C. § 1986 provides, in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

107.     The individually named Defendants conspired to deprive the Plaintiffs of the equal enjoyment of rights secured by the law to all, in violation of 42 U.S.C. § 1986.

108.    Specifically, Defendants conspired to demote Plaintiffs based on their race and in retaliation for their opposition to discrimination in the workplace. Defendants took such actions in violation of Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

109.    The Board of Trustees continues to conspire to violate Plaintiffs' constitutionally protected rights under the Equal Protection Clause of the U.S. Constitution in violation of 42 U.S.C. § 1986, by failing to restore them to their Administrator positions even after SUSD reported a budget surplus in 2021 and additional positions became available.

110.    Each of the individually named Defendants had a direct and personal involvement in the constitutional deprivations at issue.

111.    The individually named Defendants were acting under the color of state law when they conspired to violate Plaintiffs' rights secured by the Constitution.

**<u>SIXTH CAUSE OF ACTION</u>**
(Against Defendant Stockton Unified School District)
Race Discrimination in Violation of Cal. Gov. Code § 12900 *et seq.*

112.    Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 111 above.

113.    Pursuant to California Government Code § 12940(a), an employer is barred from discriminating against an employee in the terms and conditions of their employment because of their race.

114.    Plaintiffs Fields and Wright are African American women and are members of a protected class.  Plaintiff Nakamura is an Asian American man and is a member of a protected class.

115.    Defendants Stockton Unified School District, and Stockton Unified School District Board of Education Members Cecilia Mendez, Maria Mendez, Alicia Rico, Ray C. Zulueta, Jr., Scot McBrian, Zachary Avelar, John Ramirez, Jr., and the DOE defendants, and each of them, were and are employers, supervisory employees and/or employees subject to the provisions of California Government Code § 12940 *et seq*.

116.    As set forth above, Defendants discriminated against Plaintiffs because of their race. Defendants have long history of displaying disparate treatment to their non-Latinx and non-Caucasian employees including Plaintiffs. Plaintiffs were wrongfully demoted and subsequently denied employment opportunities because of their race.

117.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Plaintiffs will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

118.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs have suffered from mental and emotional distress, and discomfort, all to their detriment and damage in amounts not fully ascertained but within the jurisdiction of this Court and subject to proof at the time of trial.

119.    Plaintiffs are entitled to costs and reasonable attorney's fees pursuant to California Government Code § 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code § 12965(c).

COMPLAINT FOR DAMAGES

120.     Plaintiffs duly filed administrative charges with the Department of Fair Employment and Housing (DFEH). The DFEH has issued notices of right to sue thereon authorizing Plaintiffs to initiate a civil action against Defendant. Plaintiffs further have all duly filed Notices of Tort Claims on Defendant Stockton Unified School District. Plaintiffs have exhausted all of their administrative remedies herein, and this action is been timely filed.

## SEVENTH CAUSE OF ACTION
### (Against Defendant Stockton Unified School District)

Retaliation in Violation of Cal. Gov. Code § 12900 *et seq.*

121.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 120 above.

122.     Pursuant to California Government Code § 12940(a) an employer is barred from retaliating against an employee in the terms and conditions of their employment because the employee opposed discrimination in the workplace and/or is perceived as opposing discrimination in the workplace.

123.     Plaintiffs Fields, Nakamura, and Wright all opposed discrimination at SUSD or were perceived as opposing discrimination at SUSD.

124.     Defendants Stockton Unified School District, and Stockton Unified School District Board of Education Members Cecilia Mendez, Maria Mendez, Alicia Rico, Ray C. Zulueta, Jr., Scot McBrian, Zachary Avelar, John Ramirez, Jr., and the DOE defendants, and each of them, were and are employers, supervisory employees and/or employees subject to the provisions of California Government Code § 12940 *et seq.*

125.     As set forth above, Defendants retaliated against Plaintiffs because they opposed discrimination at SUSD or were perceived as opposing discrimination at SUSD Defendants have

COMPLAINT FOR DAMAGES

long history of retaliating against employees who have opposed discrimination at SUSD or were perceived as opposing discrimination at SUSD. Plaintiffs were wrongfully demoted and subsequently denied employment opportunities because of their protected activities.

126.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Plaintiffs will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

127.    As a direct, foreseeable and proximate result of Defendants' conduct, Plaintiffs have suffered from mental and emotional distress, and discomfort, all to their detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

128.    Plaintiffs are entitled to costs and reasonable attorney's fees pursuant to California Government Code § 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code § 12965(c).

129.    Plaintiffs duly filed administrative charges with the Department of Fair Employment and Housing (DFEH). The DFEH has issued notices of right to sue thereon authorizing Plaintiffs to initiate a civil action against Defendant. Plaintiffs further have all duly filed Notices of Tort Claims on Defendant Stockton Unified School District Plaintiffs have exhausted all of their administrative remedies herein, and this action is been timely filed.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for relief as follows:

1. For compensatory, special and general damages in an amount according to proof at trial;

2. For civil penalties, pursuant to statute, restitution, injunctive relief, and reasonable attorney's fees according to proof;

3. For attorney's fees as provided by law;

4. For punitive damages against the individually named defendants;

4. For interest as provided by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court deems fair and just.


Dated: May 2, 2022                    McCOY LAW FIRM, P.C.



                                      **/s/ Waukeen Q. McCoy**
                                      Waukeen Q. McCoy, Esq.
                                      Attorney for Plaintiffs,
                                      Raychelle Fields,
                                      Ben Nakamura, and
                                      Yvonne Wright

COMPLAINT FOR DAMAGES