UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYCHELLE FIELDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STOCKTON UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:22-cv-00748-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Raychelle Fields, Ben Nakamura, and Yvonne Wright (collectively, "Plaintiffs") seek to recover from Defendant Stockton Unified School District ("SUSD") and Individual Defendants Brian Biederman, John Ramirez, Jr., Cecilia Mendez, Maria Mendez, Alicia Rico, Ray C. Zulueta, Jr., Scot Mcbrian, and Zachary Avelar, (collectively, "Defendants") for injuries sustained as a result of, very generally, Defendants' alleged race discrimination and retaliation against them in violation of federal and state law. Presently before the Court are a Motion to Dismiss brought by SUSD, ECF No. 13, and one brought separately by the Individual Defendants, ECF No. 14. For the following reasons, Defendants' Motions are GRANTED with leave to amend.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  SUSD Motion

SUSD seeks to dismiss each of Plaintiffs' claims against it, in part, on the basis that it is immune from suit under the Eleventh Amendment to the United States Constitution. "Plaintiffs do not dispute that school districts in California are considered to be state agencies for Eleventh Amendment purposes." SUSD's Opp., ECF No. 18, at 4. Accordingly, as currently pled, each of Plaintiffs' claims against SUSD fails, and SUSD's

Motion is GRANTED with leave to amend.

### B. Individual Defendants' Motion

The Individual Defendants also move to dismiss Plaintiffs' claims arguing, among other things, that Plaintiffs failed to allege any facts to implicate these Defendants individually. The Court agrees. The only time the Complaint refers to several of these Defendants at all is when they are initially identified. Nor do Plaintiffs allege any facts identifying how any of the Individual Defendants personally participated in depriving them of their constitutional rights. Instead, Plaintiffs have pled only vague generalities insufficient to carry the day under federal standards. The Individual Defendants' Motion is thus GRANTED with leave to amend as well.

## CONCLUSION

For the reasons just stated, Defendants' Motions to Dismiss, ECF Nos. 13 and 14, are GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may, but are not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed DISMISSED without prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: April 12, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE