UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYCHELLE FIELDS, et al., | No. 2:22-cv-00748-MCE-DB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| STOCKTON UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiffs Raychelle Fields, Ben Nakamura, and Yvonne Wright (collectively, "Plaintiffs") seek to recover from Defendant Stockton Unified School District ("SUSD") and Individual Defendants Brian Biederman, John Ramirez, Jr., Cecilia Mendez, Maria Mendez, Alicia Rico, Ray C. Zulueta, Jr., Scot Mcbrian, and Zachary Avelar, (collectively, "Defendants") for injuries sustained as a result of, very generally, Defendants' alleged race discrimination and retaliation against them in violation of federal and state law. The Court previously granted with leave to amend two Motions to Dismiss filed by all Defendants. ECF Nos. 13, 14, 21. Plaintiff thereafter filed a timely First Amended Complaint ("FAC"). ECF No. 22. Presently before the Court are new Motions to Dismiss brought separately by SUSD, ECF No. 24, and by the Individual Defendants, ECF No.

23.  For the following reasons, Defendants' Motions are GRANTED.[1]

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2

to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   SUSD Motion

SUSD seeks to dismiss each of Plaintiffs' claims against it, in part, on the basis

that it is immune from suit under the Eleventh Amendment to the United States Constitution. SUSD made this same argument with respect to the original Complaint. In opposition, Plaintiffs conceded that the Eleventh Amendment barred their claims against SUSD, but they sought leave to amend to add claims against the Individual Defendants in their official capacities and to amend their FEHA claims to seek damages pursuant to Title VII. ECF No. 18 at 4-5. Plaintiff did neither of these things in their FAC, and they again seem to concede that their claims against SUSD fail as pled. Moreover, in opposition, they once again argue that they should be permitted leave to plead Title VII claims. However, the Court already gave Plaintiffs that chance, and they squandered the opportunity, causing the parties and the Court to unnecessarily revisit duplicative arguments. Accordingly, the Court finds that each of Plaintiffs' claims against SUSD fails because SUSD is immune under the Eleventh Amendment, and SUSD's Motion is GRANTED without leave to amend.

### B.   Individual Defendants' Motion

The Individual Defendants also move to dismiss Plaintiffs' claims arguing, among other things, that Plaintiffs failed to allege any facts to implicate these Defendants individually. The Court agreed with respect to the original Complaint:

> The only time the Complaint refers to several of these Defendants at all is when they are initially identified. Nor do Plaintiffs allege any facts identifying how any of the Individual Defendants personally participated in depriving them of their constitutional rights. Instead, Plaintiffs have pled only vague generalities insufficient to carry the day under federal standards.

ECF No. 21 at 4. The Court thus dismissed Plaintiffs' claims, but with leave to amend.

In the FAC, Plaintiffs add a plethora of repetitive paragraphs none of which add any facts that are legally sufficient to state a claim. For example, Plaintiffs allege that the Individual Defendants formed a theft ring to steal money from the district. FAC, ¶ 18. Plaintiffs refer to those Defendants as "The Ramirez Mafia" and contend that this group viewed African American individuals as a threat to their criminal activities. Id., ¶ 19. Indeed, Plaintiffs point out, the SUSD is under criminal investigation pertaining to its

1  purchase of COVID-sanitation equipment.  Again, however, Plaintiffs do not set forth any
2  facts indicating how any Individual Defendant personally participated in any sort of theft,
3  how that theft was orchestrated, or how the Individual Defendants targeted SUSD
4  employees based on their race as a result.

5        To the contrary, Plaintiffs' new allegations are conclusory and lacking any factual
6  foundation.  See, e.g., id., ¶ 23 ("Between 2018 and 2021, the Ramirez Mafia colluded in
7  private via email, text, message, phone calls, and in person meetings in their selection of
8  new election of new hires.  The Ramirez Mafia also worked behind-the-scenes to
9  effectively oust African American and Asian teachers and administrators."); ¶ 26
10 ("Between 2018 and 2021 the Ramirez Mafia communicated their plans via email and
11 text that to insure all Asian and African American employees who threatened their theft
12 ring via complaints of race discrimination would be terminated or demoted from their
13 positions.").  More importantly, Plaintiffs' new allegations do nothing to show how the
14 Individual Defendants personally participated in the deprivation of any of Plaintiffs'
15 constitutional rights.

16        Again, Plaintiffs seem to recognize the shortcomings of their FAC because they
17 argue in opposition that "[t]he court should not dismiss this case without allowing the
18 parties the opportunity to engage in discovery."  ECF No. 26 at 1.  Given the dearth of
19 facts in the FAC, however, permitting discovery would be sanctioning a fishing
20 expedition.  The Court is at loss as to how discovery requests could possibly be
21 adequately fashioned since the factual basis of Plaintiffs' claims is wholly lacking.
22 Accordingly, the Court concludes that Plaintiffs have once again failed to state a claim
23 against the Individual Defendants, and those causes of action are thus DISMISSED.

24        The Court is skeptical that Plaintiffs will be able to cure the defects in their FAC,
25 especially since they seem to be admitting that they would need to conduct discovery to
26 add actual facts.  In an abundance of caution, however, the Court will nonetheless
27 permit Plaintiffs one final chance to amend their pleadings.
28

**CONCLUSION**

For the reasons just stated, SUSD's Motion to Dismiss (ECF No. 24) is GRANTED without leave to amend, and the Individual Defendants' Motion to Dismiss (ECF No. 23) is GRANTED with final leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may, but are not required to, file a second amended complaint as to the Individual Defendants in their individual capacities only.  If no second amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed DISMISSED without prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  October 31, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE