1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYCHELLE FIELDS, et al., | No. 2:22-cv-00748-MCE-DB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| STOCKTON UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiffs Raychelle Fields, Ben Nakamura, and Yvonne Wright (collectively, "Plaintiffs") initiated this action against Defendant Stockton Unified School District ("SUSD") and Individual Defendants Brian Biederman, John Ramirez, Jr., Cecilia Mendez, Maria Mendez, Alicia Rico, Ray C. Zulueta, Jr., Scot Mcbrian, and Zachary Avelar, (collectively, "Defendants") seeking to recover for injuries sustained as a result of, very generally, Defendants' alleged race discrimination and retaliation against them in violation of federal and state law. The Court previously granted with leave to amend two Motions to Dismiss filed by all Defendants. ECF Nos. 13, 14, 21. Plaintiff thereafter filed a timely First Amended Complaint ("FAC"). ECF No. 22. Defendants again filed separate Motions to Dismiss, ECF Nos. 23, 24, which the Court granted, ECF No. 30. The Court dismissed SUSD without further leave to amend, but granted final leave to

1   amend as to the Individual Defendants.  Plaintiffs then filed the currently operative

2   Second Amended Complaint ("SAC"), ECF No. 31, and the Individual Defendants

3   responded by again moving to dismiss, ECF No. 32.  For the following reasons, the

4   Individual Defendants' Motion is GRANTED without leave to amend.[1]

5

6                                  **STANDARD**

7

8          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

9   Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and

10  construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins.</u>

11  <u>Co.</u>, 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

12  statement of the claim showing that the pleader is entitled to relief' in order to 'give the

13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>

14  <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,

15  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

16  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

17  his entitlement to relief requires more than labels and conclusions, and a formulaic

18  recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and

19  quotations omitted).  A court is not required to accept as true a "legal conclusion

20  couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

21  <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

22  above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright &

23  Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the

24  pleading must contain something more than "a statement of facts that merely creates a

25  suspicion [of] a legally cognizable right of action")).

26  _____

27        [1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  <u>See</u> E.D. Cal. Local R. 230(g).

28        [2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

2   assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and

3   quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard

4   to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

5   the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &

6   Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to

7   relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

8   claims across the line from conceivable to plausible, their complaint must be dismissed."

9   Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that

10   actual proof of those facts is improbable, and 'that a recovery is very remote and

11   unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

12    A court granting a motion to dismiss a complaint must then decide whether to

13   grant leave to amend. Leave to amend should be "freely given" where there is no

14   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

15   to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

16   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

17   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

18   be considered when deciding whether to grant leave to amend). Not all of these factors

19   merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

20   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

21   185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

22   "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest

23   Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

24   1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

25   (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

26   constitutes an exercise in futility . . . .")).

27

28

3

**ANALYSIS**

This Court has twice dismissed Plaintiffs' claims against the Individual Defendants, and those decisions are incorporated herein by reference. ECF Nos. 21, 30. Plaintiffs have once again amended their allegations, adding multiple pages in the SAC, but no substance. Plaintiffs continue to rely on: (1) conclusory allegations indicating they believe they were treated differently based on their races; and (2) legal conclusions as to the potential constitutional ramifications of their conclusory contentions. Still lacking are any actual <u>factual</u> allegations indicating how any of the Individual Defendants participated in depriving Plaintiffs of any of their constitutional rights. There is simply nothing new here, and the Individual Defendants' Motion to Dismiss is GRANTED without leave to amend.[3]

**CONCLUSION**

For the reasons just stated, the Individual Defendants' Motion to Dismiss (ECF No. 32) is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 17, 2024

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs note in a footnote that the Individual Defendants did not move to dismiss Plaintiff's Second Cause of Action. That claim, which arises under 42 U.S.C. § 1981, is directed at SUSD, however, and SUSD is no longer a party to this action. There was no reason for the Individual Defendants to address that cause of action.